UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BMO HARRIS BANK N.A.<br>f/k/a HARRIS N.A., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:20-cv-00170-JPH-MPB<br>) |
| ROAD STAR TRANSPORT INC.,<br>RANA SINGH, | )<br>)<br>) |
| Defendants. | ) |

**ORDER ON MOTION TO ENTER DEFAULT JUDGMENT**

On March 16, 2020, on Plaintiff BMO Harris Bank's motion, the clerk entered default against Defendant Road Star Transport. Dkt. 17. The Bank has filed a motion for default judgment against Road Star Transport, Inc. in the amount of $217,030.52. Dkt. 21.

The Bank maintains two counts: (1) breach of contract against Road Star, and (2) breach of contract against Rana Singh. Dkt. 1.[1] However, the Bank seeks default judgment against only Road Star. Dkt. 21; dkt. 21-2. The Bank's claim against Mr. Singh therefore remains, making final judgment under Federal Rule of Civil Procedure 58 inappropriate. *See Smart v. Local 702 Intern. Broth. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009) ("A final judgment is one that resolves all claims against all parties.").

---

[1] A third count, replevin against both defendants, has been dismissed. Dkt. 15.

1

The Bank has not addressed whether a partial final judgment under Federal Rule of Civil Procedure 54(b) is appropriate. In multi-defendant cases, a default judgment against one defendant may be improper if it could result in inconsistent judgments. *State Farm Mut. Auto. Ins. Co. v. Jackson,* 736 F.Supp. 958, 961 (S.D. Ind. 1990) (citing *Marshall & Ilsley Trust Co. v. Pate,* 819 F.2d 806 (7th Cir. 1987)). This principle applies when the "theory of recovery is one of joint liability or when the nature of the relief is such that [it] is necessary that judgments against the defendants be consistent." *Id.* Granting damages prematurely risks inconsistency because if damages are entered against a defaulting defendant and the plaintiff later prevails against the non-defaulting defendants, then damages will need to be proven against the latter, and the second award may differ from the first. *In re Uranium Antitrust Litig.,* 617 F.2d 1248, 1262 (7th Cir. 1980).

The Bank's motion for default judgment is therefore **DENIED without prejudice** to being refiled with a brief addressing whether partial final judgment under Rule 54(b) may be entered.

**SO ORDERED.**

Date: 6/2/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

James K. Haney
WONG FLEMING PC
jhaney@wongfleming.com

3

Jeffrey Michael Hester
TUCKER HESTER KREBS LLC
jhester@hbkfirm.com