UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BMO HARRIS BANK N.A. <br> f/k/a HARRIS N.A., <br><br> Plaintiff, <br><br> v. <br><br> ROAD STAR TRANSPORT INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:20-cv-00170-JPH-MPB <br> ) <br> ) <br> ) <br> ) |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On January 16, 2020, Plaintiff BMO Harris Bank N.A. filed a complaint against Defendant Road Star Transport Inc. and Rana Singh seeking damages for breach of contract and replevin of unrecovered equipment. Dkt. 1 at 1, 7–9. BMO Harris later dismissed its request for replevin, dkt. 15, and its claims against Rana Singh, dkt. 30. On March 16, 2020, the Clerk of the Court entered default against Defendant Road Star "for failure to plead or otherwise defend this action." Dkt. 17. BMO Harris has filed a renewed motion for default judgment. Dkt. [31]. Defendant Road Star has not responded or defended this case. For the reasons below, that motion is **GRANTED**.

**A.  Liability**

Federal Rule of Civil Procedure 55 creates a two-step default process. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). "[U]pon default, the well-pleaded allegations of a

1

complaint relating to liability are taken as true." *VLM Food*, 811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b).

Here, the Clerk of the Court has entered default against Road Star, dkt. 17, and BMO Harris seeks default judgment, dkt. 31. The Court thus takes the complaint's allegations of liability as true. *VLM Food*, 811 F.3d at 255. Because these allegations establish Road Star's liability, the Court now determines damages. *See* Fed. R. Civ. P. 55(b).

**B.    Damages**

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). A hearing is required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Here, BMO Harris seeks $217,030.52 in damages for unpaid liabilities. Dkt. 31-2 at 4. In support, they have provided information from two litigation specialists at BMO Harris: a declaration from James K. Haney, dkt. 31-1, and a certification from Debb White, dkt. 31-2.

This information includes four separate loan agreements between Road Star and BMO Harris, showing that Road Star accrued $566,341.92 in liabilities to BMO Harris. Dkt. 31-2.

First, on May 25, 2016, Road Star agreed to repay BMO Harris $2,955.23 per month for a term of 60 months, totaling $177,313.80, so that it could obtain funds to purchase five "dry vans." *Id.* at 2, 6, 11. Road Star defaulted on this payment on August 9, 2019, when it still owed $62,211.33 in principal on the loan. *Id.* at 2, 32. On September 10, 2019, Road Star either paid back or the net receipts on the sale of the collateral totaled $11,574.44. *Id.* at 32. With post-default interest of $1,088.27, carryover expenses of $147.26, and fees of $413.73, Road Star still owes $52,138.89 on this loan. *Id.* at 6, 8, 32.

Next, on August 19, 2016, Road Star agreed to repay $3,299.56 per month for a term of 60 months, totaling $197,973.60, so that it could purchase five more dry vans. *Id.* at 2, 13, 18. Road Star defaulted on October 1, 2019, when it still owed $69,350.89 in principal. *Id.* at 3, 33. With post-default interest of $808.40, carryover expenses of $1,135.79, and fees of $206.55, Road Star still owes $71,501.63. *Id.* at 13, 15, 33.

On August 7, 2018, Road Star agreed to repay $1,764.18 per month for a 24-month term, totaling $42,340.32, to purchase a 2014 Volvo semi-truck. *Id.* at 3, 20. Road Star defaulted on this obligation on November 1, 2019, when it still owed $18,474.13 in principal. *Id.* at 3, 34. With post-default interest of $86.87 and carryover expenses of $241.41, Road Star still owes $18,802.41. *Id.* at 20, 22, 34.

Finally, on February 28, 2018, Road Star agreed to repay $4,130.95 per month for a term of 36 months, totaling $148,714.20, to purchase a 2018 semi-truck. *Id.* at 3, 26. On October 1, 2019, Road Star defaulted on this loan

3

when it still owed $72,612.58 in principal. *Id.* at 3, 35. With post-default interest of $802.76, carryover expenses of $1,007.27, and fees of $164.98, Road Star still owes $74,587.59. *Id.* at 26, 28, 35.

Together, these outstanding obligations amount to $217,030.52. *Id.* at 4. Because damages are calculable from definite figures based on the uncontested declaration, certification, supporting security agreements, and spreadsheets, no hearing is necessary. *See e360 Insight,* 500 F.3d at 602. BMO Harris is thus entitled to $217,030.52 in damages.

### Conclusion

BMO Harris' motion for default judgment is **GRANTED**, dkt. [31]; it is entitled to $217,030.52. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 1/13/2021

                                               *James Patrick Hanlon*
                                               James Patrick Hanlon
                                               United States District Judge
                                               Southern District of Indiana

Distribution:

James K. Haney
WONG FLEMING PC
jhaney@wongfleming.com

Jeffrey Michael Hester
TUCKER HESTER KREBS LLC
jhester@hbkfirm.com